IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                    Plaintiff,

        v.

WARDEN HEPP, DEPUTY WARDEN EMILY
PROPSON, SECURITY DIRECTOR YANA PUISCH,
CAPTAIN WESTCA, CAPTAIN KYLE TRITT,
CAPTAIN JERMEY STANNIC, RYAN
RYMERKSVICH, LT. FISHER, LT. BURNS, LT.
STONE, LT. JANE DOE, DR. TOLLIA VAN BUREN,
DR. FELIX, DR. ENGSTOM, DR. JANE DOE 1–4, CO
RANSBOTTOM, CO PACH, CO EROMANN, LT.
JOHN DOE, CO JOHN DOE 1–6, CAPTAIN
KINNARD, SGT. NELSON, SGT. JOHN DOE 1–2,
NURSE JESS, NURSE JANE DOE 1–2, NP CHARLES
DOMBECK, DR. ENGLISH, CO HARMON, and SGT.
JOHN DOE,

OPINION and ORDER

25-cv-393-jdp

                    Defendants.

---

Plaintiff Julian R. Blackshear, proceeding without counsel, alleges that staff at Waupun

Correctional Institution (WCI) violated his rights in several ways, including by disregarding

the risk that he would cut himself. I take Blackshear to bring Eighth Amendment claims based

on conscious disregard of safety, denial of medical and mental health care, and exposure to

unsanitary and other unlawful conditions of confinement.

Blackshear proceeds without prepaying the filing fee, so I must screen the complaint

under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails

to state a claim for which I could grant relief, or seeks money damages from an immune

defendant. I must accept Blackshear's allegations as true and construe them generously, holding

the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster,*

658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Blackshear to amend the complaint to fix that problem. I will also deny Blackshear's motion for emergency injunction and I will rule on his other pending motions.

ALLEGATIONS OF FACT

Blackshear's unsteady handwriting has made it hard for me to discern some of his allegations. Blackshear should make greater efforts to write neatly in any future submission. From his complaint, I can discern the following factual allegations, as supplemented by information from the Department of Corrections Offender Detail page.

Blackshear has been in DOC custody since at least February 2022. Blackshear has mental health problems, including a "history of self harm." Dkt. 1 at 4. Blackshear was incarcerated at WCI from December 20, 2022, to June 7, 2024.

At some point, Blackshear was placed in segregation, where he was denied medical, dental, and mental health treatment. Blackshear was also denied hot meals and visits. Blackshear was forced to drink contaminated water and to live in unsanitary conditions that included "animals/birds/rodents/rats/bats/feces/blood/urine." *Id.* at 3. Blackshear was also denied "law library and normal library." *Id.*

While segregated, Blackshear harmed himself several times, which resulted in trips to the emergency room. Blackshear received razors from defendants Eromann, Ransbottom, Fisher, and Pach. Staff members left razors in observation cells so Blackshear could cut himself. All doctors in the psychological services unit (PSU), including defendant Van Buren, allowed Blackshear to be placed in "hazardous" observation cells.

2

While on observation, Blackshear was denied treatment, programing, and transfer to Wisconsin Resource Center (WRC). Most defendants "[k]new of his situation." *Id.*

Most defendants brought Blackshear razors while he was on observation and let him self-harm, which resulted in cuts requiring stitches and emergency room trips.

Defendants English, Dombeck, Jess, and the Doe nurses ignored Blackshear's traumatic brain injury and chronic pain, which caused him to suffer unnecessary pain in his head and face.

Defendants brought Blackshear contraband and let him cut himself repeatedly.


ANALYSIS

A. Screening the complaint

1. Improper joinder

There is a preliminary problem: improper joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

Blackshear brings several claims against numerous defendants based on events that occurred over one and a half years. Blackshear's conglomeration of multiple unrelated incidents is improper under Rule 20. I have discretion to sever Blackshear's complaint into separate lawsuits or dismiss the improperly joined defendants, but that would be impracticable because he attempts to proceed on various claims based on multiple incidents involving many different, but at times overlapping, defendants. *See Williams v. Foster*, No. 19-cv-1697, 2021 WL 148798,

at *5 (E.D. Wis. Jan. 15, 2021). Blackshear will have to fix the problem with joinder in his amended complaint; it's unlikely that he'll be able to bring all of his claims in a single lawsuit.

### 2.  General pleading problems

Blackshear has failed to state a plausible claim for relief based on general and specific pleading problems. I begin with some general remarks about pleading. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Blackshear's allegations have two general problems. First, Blackshear does not allege dates, or reasonable date ranges, for the events on which he bases his claims. I determined when Blackshear was housed at WCI by considering publicly available information, but it's still unclear when the various events on which he bases his claim occurred. Second, Blackshear tries to proceed on a theory of collective responsibility by attributing most of the events on which he bases his claims to nearly all the defendants. But it's implausible from the general

context of the complaint that most of the defendants participated in each, or nearly each, of the various acts or omissions on which Blackshear bases his claims.

### 3. Specific pleading problems

#### a. Lack of personal involvement

Individual liability under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Blackshear alleges that various conduct by WCI staff violated his rights, including:

- Denying him medical, dental, and mental health treatment while in segregation;

- Denying him hot meals and visits while in segregation;

- Forcing him to drink contaminated water and live in unsanitary conditions while in segregation;

- Denying him law and regular library access while in segregation;

- Placing him in hazardous observation cells;

- Leaving razors in observation cells;

- Bringing him razors while on observation;

- Denying him treatment, programing, and transfer to WRC while on observation, and;

- Bringing Blackshear contraband.

Blackshear did not identify which defendants, if any, participated in these incidents. Sweeping allegations that most or all defendants are responsible for every, or nearly every, incident on which Blackshear seeks to proceed don't meet the personal responsibility requirement. I will not allow Blackshear to proceed on any claims based on the above allegations.

### b. Problems with other allegations

There are a few allegations for which Blackshear specifically identifies the defendants who committed that conduct. But none of them states a plausible claim for relief.

The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner health or safety, including serious acts of self-harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). To state a claim based on conscious disregard of health or safety, Blackshear must plausibly allege that (1) he faced an objectively serious risk of harm that (2) defendants consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). I will assume for purposes of this screening order that Blackshear's history of cutting himself and chronic pain posed objectively serious risks of harm. The issue is whether Blackshear has plausibly alleged that defendants consciously disregarded the risk that he would cut himself, or his need for pain management.

Blackshear alleges that he received razors from defendants Eromann, Ransbottom, Fisher, and Pach. It's admittedly hard to think of a valid penological reason for correctional staff to give a prisoner with a history of self-harm a razor. But Blackshear does not allege that any of these defendants was aware of his history of self-harm. Nor does Blackshear allege any other facts plausibly suggesting that any of these defendants realized that he would cut himself if he received a razor. I will not allow Blackshear to proceed based on this allegation.

Blackshear alleges that Van Buren, the PSU supervisor, allowed him to be placed in "hazardous" observation cells. But Blackshear doesn't allege how the cells were hazardous. If Blackshear means that the cells were hazardous because they contained razors or other sharp objects, Blackshear hasn't alleged that Van Buren was aware of that fact. Blackshear's vague

allegations don't plausibly suggest that Van Buren realized that placing him on observation, a protective status, would cause him to cut himself. I will not allow Blackshear to proceed against Van Buren.

Blackshear alleges that English, Dombeck, Jess, and the Doe nurses ignored his chronic pain. But Blackshear doesn't allege in reasonable detail how these defendants ignored him. This bare allegation doesn't suggest that any of these defendants realized that Blackshear needed pain treatment but failed to take reasonable measures to help him. I will not allow Blackshear to proceed against any of these defendants.

## B.  Motion for emergency injunction

In his motion, Blackshear seeks transfer to a new facility based on allegations that staff at his current prison, Columbia Correctional Institution (CCI), keep giving him sharp objects. Blackshear also asks me to enjoin CCI staff from interfering with his property and legal papers, which he contends has stopped him from doing legal work. Blackshear filed an identical motion that I denied in two other cases. *Blackshear v. CCI Warden John Doe*, 25-cv-388-jdp, Dkt. 15; *Blackshear v. Stange*, 25-cv-394-jdp, Dkt. 15.

A plaintiff seeking emergency injunctive relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of that relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. 2020) (stating that the standard for determining whether a temporary restraining order or preliminary injunction is appropriate is the same). A party must show a relationship between the injunctive relief sought and his claims. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

I will deny Blackshear's emergency motion for similar reasons as the '388 and '394 cases. Blackshear's request to enjoin prison staff from interfering with his ability to do legal work is unrelated to Blackshear's claims for relief. Furthermore, Blackshear hasn't explained how the alleged interference with his property and legal papers has frustrated his ability to litigate this case. I will not allow Blackshear to proceed on this request.

Blackshear requests transfer to a new facility based on his allegations that CCI staff keep giving him sharp objects. Specifically, Blackshear alleges that a staff member recently gave him scissors that he ended up swallowing, which caused his hospitalization. Blackshear's complaint in this case involves past conduct by staff at WCI, so he hasn't shown a relationship between his claims in this case and the emergency injunctive relief that he seeks.

## C. Motion to appoint counsel

Blackshear asks me to appoint him counsel. Litigants in civil cases don't have a constitutional right to counsel, and I lack the authority to appoint counsel to plaintiffs proceeding without counsel in civil matters. Rather, I can only assist Blackshear in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc). I will interpret Blackshear's motion to appoint counsel as a motion for assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*, 503 F.3d at 655. Blackshear has met the first requirement. The issue is whether he has met the second and third requirements.

Regarding the second requirement, I usually require plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Blackshear has submitted a letter from only one attorney who's refused to take his case. And the letter is from December 2024, so it's unclear that Blackshear was seeking the attorney's representation for the matters in this case. Blackshear hasn't met the first requirement.

On the third requirement, Blackshear hasn't shown that this case involves issues that are too complex for him to handle without counsel. Blackshear's only task at this stage is to state a plausible claim for relief, which is not a high bar. This order provides instructions on the shortcomings of his complaint, and Blackshear should be able to address those shortcomings if there is factual support for his potential claims. Also, Blackshear has shown that he has the necessary knowledge and skill to state a plausible claim for relief because he managed to do that in the '388 case. I will deny Blackshear's request for court assistance in recruiting counsel, but without prejudice to his right to seek this relief in an appropriate motion if the case ultimately passes screening.

**D. Motion to reopen cases and unfreeze prison trust account**

I will deny this motion for the same reasons that I denied an identical motion in the '388 and '394 cases. I cannot order another federal court to reopen a case that it has closed. Blackshear is free to raise his concerns in the Eastern District of Wisconsin or the court of appeals. I will deny Blackshear's request to unfreeze his prison trust account for similar reasons. I did not enter the order to freeze his trust account; a judge in the Eastern District did that. Blackshear should direct his concerns to that judge or the court of appeals.

CONCLUSION

Blackshear hasn't stated any plausible claim for relief, but I will allow him to file an amended complaint to fix that problem. In drafting his amended complaint, Blackshear should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his federal rights. Blackshear must take care to allege what each defendant did, or failed to do, to violate his federal rights.

- Blackshear should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Blackshear believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until October 15, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a

10

supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff's motion for emergency injunction and motion to appoint counsel, Dkt. 6, is DENIED in part and DENIED without prejudice in part.

6. Plaintiff's motion to reopen cases and unfreeze prison trust account, Dkt. 5, is DENIED.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered September 15, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge